# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**REYNOLDS MEMORIAL HOSPITAL,**
**Employer Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-1031** (BOR Appeal No. 2052000)
(Claim No. 2017003092)

**MARY SUE RODRIGUEZ,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Reynolds Memorial Hospital, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is compensability. The claims administrator rejected the claim on August 4, 2016. The Office of Judges reversed the decision in its May 16, 2017, Order and held the claim compensable for right wrist fracture. The Order was affirmed by the Board of Review on October 24, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rodriguez, a nursing instructor, fractured her wrist when she fell while at work on August 2, 2016. A treatment note by Reynolds Memorial Hospital Emergency Room that day indicates Ms. Rodriguez was treated for right arm and wrist pain after a fall that morning. She was diagnosed with closed wrist scaphoid fracture. The employee's and physician's report of injury indicates Ms. Rodriguez tripped and fell while at work that morning. The accident took place at Ohio Valley Medical Center, not at Reynolds Memorial Hospital. The diagnosis was listed as right wrist fracture. The employer's report of injury indicates Ms. Rodriguez sustained a

---

[1] No response was filed on behalf of Ms. Rodriguez.

right wrist fracture due to a slip, trip, or fall. Medical treatment was provided, and an incident report was completed.

Ms. Rodriguez testified in a deposition on February 7, 2017, that she is a nursing instructor and her duties include lecturing and teaching both in the classroom and on the floor. Most of her courses are taught at Reynolds Memorial Hospital but two are taught at Ohio Valley Medical Center. On the day of the injury, she was at Ohio Valley Medical Center teaching a class. She was walking down a hallway with some students toward the pediatric department when she slipped and landed on her arm. Ms. Rodriguez stated that she was on duty at the time. Though she could not find what she tripped on, she asserted that she definitely tripped on something. Ms. Rodriguez testified that the floor was a flat concrete tiled floor, and her shoe laces were tied.

The claims administrator rejected the claim on August 4, 2016. The Office of Judges reversed the decision in its May 16, 2017, Order and held the claim compensable for right wrist fracture. It found that Ms. Rodriguez was acting within the scope of her employment when she was injured. At the time of her injury, Ms. Rodriguez was walking with a group of students from a classroom to the clinical area. The Office of Judges found that the fact that the injury occurred at a different facility than Reynolds Memorial Hospital does not remove Ms. Rodriguez from the scope of her employment as it was part of her job duties to teach classes at Ohio Valley Medical Center. Regarding the slip and fall, Ms. Rodriguez testified that she did not see any wet spots on the floor and she was wearing her duty shoes, which are supposed to help prevent slips. The Office of Judges found that the employer's report of injury states that it had no reason to question the injury and the physician who completed the employee's and physician's report of injury found that the wrist fracture was the result of a work-related injury. The Office of Judges concluded that Ms. Rodriguez's testimony that she definitely tripped on something was credible. The employer's description of the injury as a fall, slip, or trip was consistent with her description of the injury. The Office of Judges found that the employer's allegation that the fall was the result of clumsiness was not sufficiently supported by the evidence. Ms. Rodriguez was adamant that clumsiness was not a factor in her fall and that assertion was supported by her forty-one years of experience walking hospital halls. Further, Dr. Richmond's medical opinion that the wrist fracture is the result of an occupational injury was uncontroverted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Rodriguez was performing her job duties when she tripped and fell, fracturing her wrist. The employer's assertion that the fall was the result of clumsiness is not supported by the evidentiary record. The injury occurred in the course of and resulting from Ms. Rodriguez's employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**
Justice Elizabeth D. Walker